**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO GERTRUDIS ORELLANO GONZALEZ, a.k.a. Alberto Gonzalez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71329 <br><br> Agency No. A095-018-289 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Alberto Gertrudis Orellano Gonzalez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and grant the petition for review, and we remand.

We lack jurisdiction to review Orellano Gonzalez's challenges to the IJ's denial of CAT relief because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

In denying Orellano Gonzalez's asylum and withholding of removal claims, the agency found Orellano Gonzalez failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). In addition, the agency did not explain the basis for its finding that Orellano Gonzalez did not establish past persecution. *See Tapia-Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (remanding issue where BIA did not provide adequate basis for review); *see also Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1313-15 (9th Cir. 2012) (addressing principles applicable to persecution analysis where events occurred when petitioner was a child). Thus, we remand Orellano Gonzalez's asylum and

withholding of removal claims to determine the impact, if any, of the intervening decisions, and for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of our remand, we do not reach Orellano Gonzalez's remaining challenges to the agency's denial of his asylum and withholding of removal claims at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**